TROUTMAN PEPPER
HAMILTON SANDERS LLP
Ben Lewis Wagner, Bar No. 243594
ben.wagner@troutman.com
11682 El Camino Real
Suite 400
San Diego, CA  92130-2092
Telephone: 858.509.6000
Facsimile:  858.509.6040

Attorneys for Plaintiff
LONTEX CORPORATION d/b/a
SWEAT IT OUT®

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONTEX CORPORATION d/b/a SWEAT IT OUT®,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FASHION NOVA, LLC,<br><br>　　　　　Defendant. | Case No.  2:23-cv-9419<br><br>**COMPLAINT FOR FEDERAL REGISTERED TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §§ 1114, 1125**<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Lontex Corporation d/b/a SWEAT IT OUT®
("SWEAT IT OUT"), by counsel, and as for its Complaint against the Defendant
FASHION NOVA, LLC ("FASHION NOVA"), SWEAT IT OUT alleges as
follows:

## **PRELIMINARY STATEMENT**

1.    For decades, SWEAT IT OUT has manufactured and sold athletic
apparel, including to the general public, professional sports franchises, and
collegiate athletic programs.  As such, it gained substantial notoriety and name
recognition.

2.    Since at least 1990, its brand of clothing includes a large range of
clothing branded SWEAT IT OUT, t-shirts, sports bras, sports girdles,
undergarments, sweat pants, sweat shirts, jackets, compression tights, shorts, and
shirts.

3.    The SWEAT IT OUT brand in both word mark and logo form is a
federal-registered, incontestable mark for these and other goods, including for the
U.S. Reg. Nos. 1,653,120 (registered since 1991), 2,015,835 (Registered since
1996), 2,015,835 (Registered since 1996), 2,255,998 (registered since 1999),
2,269,445 (Registered since 1999). 2,766,572 (Registered since 2003), 3,579,266
(Registered since 2009).  Collectively, its registered SWEAT IT OUT registrations
are attached in representative form as Exhibit A and the mark is referred to herein
as the "SWEAT IT OUT mark".

4.    Despite SWEAT IT OUT's success and well-known SWEAT IT OUT
athletic apparel and the immense goodwill SWEAT IT OUT has generated in the
mark, SWEAT IT OUT approached FASHION NOVA about its selling of apparel
under the SWEAT IT OUT trademark in early 2023.  During those discussions,
rather than stopping infringement, FASHION NOVA launched yet additional
SWEAT IT OUT apparel the same month as discussions.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

COMPLAINT
2:23-CV-9419

164816387

5.       After taking that new product down and claiming their entire organization had been instructed to not use any product name using SWEAT IT OUT, in November 2023 when SWEAT IT OUT went to confirm whether the infringement had indeed stopped or not, it discovered FASHION NOVA had released at least three more infringing products with SWEAT IT OUT product names.

6.       Thus, given FASHION NOVA's flagrant disregard for SWEAT IT OUT's incontestable, federally-registered trademark rights, SWEAT IT OUT now brings this action for trademark infringement and unfair competition.

## PARTIES

7.       Plaintiff SWEAT IT OUT is a Pennsylvania corporation with its principal place of business in Norristown, Pennsylvania.  SWEAT IT OUT owns and controls all rights in the SWEAT IT OUT marks.

8.       Defendant FASHION NOVA is a California limited liability company with its principal place of business on information and belief in Vernon, California.

## JURISDICTION

9.       This action arises under Federal law, the provisions of the Trademark laws of the United States (the Lanham Act), as amended, 15 U.S.C. §§ 1114, 1125(a), and under, *inter alia*, the statutes and common laws of the State of California.

10.       This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (trademark) because this action arises under the trademark laws of the United States.  In addition, this Court has original subject matter jurisdiction over the state unfair competition claims under 28 U.S.C. § 1338(b), as they are joined with a substantial and related claim under the federal trademark laws, and supplemental jurisdiction over the state-law claims is present because they arise from the same nucleus of operative facts under 28 U.S.C. § 1367

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

COMPLAINT
2:23-CV-9419

164816387

as to be part of the same case or controversy under Article III of the United States Constitution.

11.    Venue is proper in this judicial district under 28 U.S.C § 1391 because a substantial portion of the events or omissions giving rise to the claims occurred in this district, and FASHION NOVA resides in this district by virtue of being subject to personal jurisdiction in this judicial district by, among others, its repeated availment and direction of its activities toward this district, its operating of the FASHION NOVA online store (fashionnova.com) and five physical stores in this district, and the actions alleged herein.

## GENERAL ALLEGATIONS

12.    SWEAT IT OUT has been providing professional teams and collegiate teams with athletic apparel products since 1989. SWEAT IT OUT has for decades been well-regarded, including amongst the NFL teams, collegiate sports teams (including a large percentage of the Division One schools) and with doctors of sports medicine. This includes the best athletes and professional sports teams from across the country, including at least 25 teams from the NFL, 15 teams from the MLB, as well as various NHL, AHL, and NBA professional sports teams.

13.    SWEAT IT OUT also sells its SWEAT IT OUT apparel to persons of all ages and body types, whether they are office professionals, construction workers, gym enthusiasts, runners, child athletes, elderly persons, or anybody in between.

14.    SWEAT IT OUT has continuously and consistently used the SWEAT IT OUT mark since starting its use, developing substantial goodwill across the entire United States.

15.    The federal registrations for the SWEAT IT OUT Mark are all incontestable. SWEAT IT OUT products have achieved large distribution and sales in each state in the United States, including California, with an estimated over 25,000 customers since 2008 alone. The mark is inherently distinctive in both its

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

164816387

word and composite form and has acquired distinctiveness from significant usage. The mark is also visible periodically on national televised sports by professional athletes who where the product and have the "SWEAT IT OUT" logo prominently shown.

16.    The SWEAT IT OUT Mark is inherently distinctive and generates consistent commercial success, establishing strong secondary meaning throughout the United States.  The SWEAT IT OUT branded merchandise is sold throughout the United States, in daily and weekly social media accounts and posts (twitter.com/sweatitout; facebook.com/SweatItOutCoolCompression), SweatItOut.com (the online store and home page for SWEAT IT OUT), online marketing campaigns, and in-person presentations to upwards of 10,000 individuals per year, which distribution and marketing spans every state in the United States sports teams (including athletic trainers, both head and all assistant athletic trainers).  Sweat It Out has at all times used professional online marketing firms specializing in SEO to further maximize its online presence and prominent search results, given the importance of the online marketplace to its sales and marketing channels.

17.    Examples of Plaintiff's product imagery are below:

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

COMPLAINT
2:23-CV-9419

164816387

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092



COMPLAINT
2:23-CV-9419

164816387

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092





COMPLAINT
2:23-CV-9419

164816387

**FASHION NOVA's Repeat Wrongful Conduct Involving the SWEAT IT OUT Mark**

18.     Sometime prior to April 17, 2023, Defendant Fashion Nova adopted the infringing SWEAT IT OUT mark for use as the product mark of its women's and children's clothing.  The product mark is critical as it is the first wording listed with the image of the product, and there is no tagging readily visible on the online product offering.

19.     This initial discovered infringement is referred to as Round One Infringement, and includes at least the below products sold on at least FashionNova.com, and advertised on a host of social media and third party sites product name, depicted below with true and correct copies of the online product pages are attached hereto as **Exhibit B**:




COMPLAINT
2:23-CV-9419

164816387

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092





COMPLAINT
2:23-CV-9419

164816387

20.    Representative social media is shown below, which remained online through at least May 24, 2023 (the date of this screen capture):



21.    SWEAT IT OUT provided detailed written notice to FASHION NOVA of the infringement, including screenshots of each of the located infringing products and product names on April 17, 2023.

22.    Even as FASHION NOVA replied representing it had taken down these items, the Round Two Infringement launched and yet additional products with the infringing SWEAT IT OUT product names were launched, including those depicted below of which true and correct copies of the online product pages are attached as **Exhibit C** hereto and referred to herein as Second Round Infringement:




23.    Other products also cross-reference to these infringing product names in order to cross sell products, including for example:

Troutman Pepper Hamilton Sanders LLP
11682 El Camino Real
Suite 400
San Diego, CA 92130-2092

COMPLAINT
2:23-CV-9419

164816387





24.    SWEAT IT OUT again gave written notice and a copy of screenshots of these Second Round Infringement infringing products to FASHION NOVA's intellectual property counsel on May 24, 2023.

COMPLAINT
2:23-CV-9419

164816387

25.     SWEAT IT OUT reserved all rights but demanded assurances as to steps FASHION NOVA was taking not to infringe its mark going forward.  The written response from FASHION NOVA's counsel on June 13, 2023 was: "Fashion Nova has authorized us to transmit the following response to your question:  Fashion Nova's buying team has been instructed not to use the phrase "Sweat it Out" in any form going forward, including as a style or product name."

26.     Nevertheless, SWEAT IT OUT has recently learned that still *more* infringing product and product names were released since that assurance, proving it to be either false or short-lived.  This third set of infringing products, referred to herein as Third Round Infringement, is shown below and has been attached as Exhibit D hereto.  The below depiction shows how the products for all rounds of infringement appear in the search and store modes before one clicks on the product and is directed to the specific product page, showing that in this mode virtually the only text associated with the product is the infringing product mark – this is how all infringing products were marketed on FashionNova.com.



COMPLAINT
2:23-CV-9419



 

164816387

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092



164816387



Sweat It Out Sweatshirt Mini Dress - Mauve

**$17.99** ~~$29.99~~

40% Off Sitewide! Prices As Marked

  

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

COMPLAINT
2:23-CV-9419

164816387

27.    To the extent the house mark FASHION NOVA appears in the domain or marketing materials or elsewhere with these products, it has only been to heighten confusion and falsely associate itself with Plaintiff's brand and conveys to consumers and the relevant public that it has acquired the rights to sell the SWEAT IT OUT product line itself.   Because FASHION NOVA is fast fashion, consumers are expressly encouraged to associate the products with other popular marketplace products such as Plaintiff's longstanding and incontestable SWEAT IT OUT apparel products.

28.    The infringing products and product names from the First, Second and Third Round Infringements of FASHION NOVA resulted in heavy marketing and resulting sales benefits for FASHION NOVA, including the actual infringing products themselves and cross-sale products.

29.    FASHION NOVA is a massive company with over a billion dollars in annual sales, and its infringing sales for the First, Second and Third Round Infringements, and any additional uses of "SWEAT IT OUT" or similarly confusing wording identified in discovery are substantial.

30.    FASHION NOVA has captured sales of customers believing themselves to be purchasing SWEAT IT OUT affiliated apparel and misdirected traffic on the internet as a result of the use of infringing marks to drive internet sales.

31.    At all relevant times, FASHION NOVA knew that the SWEAT IT OUT Mark belonged to SWEAT IT OUT, and was aware of the SWEAT IT OUT Mark registrations specifically protecting the mark with respect to the sale of apparel.

32.    Yet FASHION NOVA has used the SWEAT IT OUT Mark without authorization or approval in connection with the sale of its infringing SWEAT IT OUT products, and the accused goods are in the same class and overlap with the types of apparel identified in SWEAT IT OUT's registrations.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

COMPLAINT
2:23-CV-9419

164816387

33.     By its illegitimate and unauthorized use of SWEAT IT OUT,

FASHION NOVA acted despite knowing of the likelihood of confusion with

SWEAT IT OUT's valid, incontestable trademark registrations.  At the least,

FASHION NOVA was reckless and careless in its evaluation of the likelihood of

confusion resulting from its infringing use of "SWEAT IT OUT" lines of products

and did not attempt to contact SWEAT IT OUT whatsoever for authorization before

using the SWEAT IT OUT Mark.

34.     As a result of the infringing use of the SWEAT IT OUT trademark, on

information and belief, FASHION NOVA has made substantial profits on its

infringing "SWEAT IT OUT" lines of products, and has made additional related

profits on still cross-sold products.

**FIRST COUNT**
**TRADEMARK INFRINGEMENT**
**UNDER THE LANHAM ACT IN VIOLATION OF 15 U.S.C. § 1114**

35.     SWEAT IT OUT repeats and re-alleges all allegations in this

Complaint as if fully set forth herein.

36.     SWEAT IT OUT is the owner of the SWEAT IT OUT Mark, which is

a federally registered, valid, inherently distinctive, incontestable and protectable

trademark.  SWEAT IT OUT has priority of use of the distinctive SWEAT IT OUT

Mark as to FASHION NOVA.

37.     FASHION NOVA has used, authorized and/or directed the use of the

SWEAT IT OUT Mark in connection with the promotion, sale, offering for sale,

distribution or advertising of goods and/or services.

38.     This includes at least the First, Second and Third Round

infringements.

39.     The marks are competing and are identical and used in the promotion,

sale and advertisement of identical and related apparel, are targeted at the same or

related audiences, and FASHION NOVA's adoption and ongoing use of the

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

- 17 -

164816387

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

SWEAT IT OUT Mark for its apparel was willful and with reckless disregard as to the likelihood of confusion.

40.     FASHION NOVA directed the use of the SWEAT IT OUT Mark despite knowing that SWEAT IT OUT owns the rights to the SWEAT IT OUT Mark, and on information and belief, at least in part *because* of that prior use and success by SWEAT IT OUT.  There is no other explanation for FASHION NOVA's ongoing three rounds of infringement despite specially making Plaintiff believe that a prohibition internally had been put in place not to use SWEAT IT OUT in any manner going forward.

41.     FASHION NOVA's use of the SWEAT IT OUT Mark has caused confusion in the marketplace, is likely to cause both confusion and mistake, and is likely to deceive consumers or result in the belief that FASHION NOVA is legitimately connected with, sponsored by, affiliated with, or licensed or approved by, SWEAT IT OUT.  The mark used by FASHION NOVA is identical in sound, appearance, and meaning to SWEAT IT OUT's trademark, is used for identical and related goods and services, and is targeted to the same customers via the same or similar promotional channels.

42.     Such use was done willfully and with knowledge that such use would and was likely to cause confusion and deceive the relevant audience, including by virtue of actual notice of SWEAT IT OUT's registered SWEAT IT OUT Marks for competing goods observed by FASHION NOVA from the marketplace and the USPTO registry.  The infringement was done for the deliberate purpose of trading off of what FASHION NOVA knew to be SWEAT IT OUT'S valuable brand and goodwill.

43.     As a direct and proximate result of FASHION NOVA's trademark infringement, SWEAT IT OUT has been damaged within the meaning of 15 U.S.C. § 1114 *et seq.*  SWEAT IT OUT has been damaged by both forward and reverse confusion.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

44.     SWEAT IT OUT has suffered damages in an amount to be established after proof at trial or in the statutory amount.  Statutory damages up to the maximum for willful infringement are warranted, and the statutory damages are distinct for each registered item of apparel that Fashion Nova sold infringing product for, including at least sweatpants, sweat shirts, jackets, sports bras, jogging suits, gym suits, track suits, sweaters, and wind resistant jackets, all or some of which accurately describe the infringing products.

45.     SWEAT IT OUT is further entitled to disgorge FASHION NOVA's profits for its willful and reckless sales and unjust enrichment, including ongoing infringement after notice, and because of the breadth of usage on a wide variety of registered products with the failure to so much as run a trademark search or the disregard of the results of any such search that was run.  Such disgorgement is necessary due to the mental state of the infringement, unjust enrichment and/or to deter future infringement by FASHION NOVA and similarly-situated junior users including under the guidance of the recent Supreme Court explication of profit disgorgement in *Romag Fasteners, Inc. v. Fossil, Inc.,* 590 U.S. ___ (2020).

46.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that FASHION NOVA's acts were willful, in willful blindness and reckless disregard, and in bad faith, entitling SWEAT IT OUT to its attorney's fees and an enhancement of damages, including a trebling of its damages and/or disgorged profits.  Despite actual notice of SWEAT IT OUT's prior and extensive use and federal application in the SWEAT IT OUT Mark, FASHION NOVA continued use of the infringing mark for identical products.

47.     As a direct result of FASHION NOVA's willful and unlawful actions, SWEAT IT OUT has suffered and continues to suffer irreparable harm and damages, including damage to and diminution in value of the SWEAT IT OUT Mark, necessary corrective advertising, lost sales, tarnishment, and loss of brand control.  SWEAT IT OUT's remedy at law is not adequate to compensate for

injuries inflicted by FASHION NOVA.  Thus, SWEAT IT OUT is entitled to injunctive relief.

### SECOND COUNT
### FEDERAL AND STATE UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (*INTER ALIA* 15 U.S.C. § 1125)

48.    SWEAT IT OUT repeats and re-alleges all allegations in this Complaint as if fully set forth herein.

49.    SWEAT IT OUT is the owner of the SWEAT IT OUT Mark.

50.    FASHION NOVA's use of the SWEAT IT OUT Mark has caused confusion in the marketplace, is likely to cause both confusion and mistake, and is likely to deceive consumers or result in the belief that FASHION NOVA is legitimately connected with, sponsored by, or licensed or approved by, SWEAT IT OUT; the mark used by FASHION NOVA is virtually identical in sound, appearance and meaning to SWEAT IT OUT's trademark, is used for identical and related goods, and is targeted to the same customers via the same promotional channels.

51.    Such use was done willfully and with knowledge (including at least post-notice) that such use would and was likely to cause confusion and deceive the relevant audience.

52.    As a direct and proximate result of FASHION NOVA's trademark infringement, false designation of origin, and unfair competition, SWEAT IT OUT has been damaged within the meaning of 15 U.S.C. § 1125(a) and state law.

53.    SWEAT IT OUT has suffered damages in an amount to be established after proof at trial.

54.    SWEAT IT OUT is further entitled to disgorge FASHION NOVA's profits for its willful sales and unjust enrichment.  In addition, disgorgement is warranted to deter further infringement by FASHION NOVA and others similarly situated.

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

164816387

55.     This case qualifies as an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) in that FASHION NOVA's acts were willful, in willful blindness and reckless disregard, and taken in bad faith, entitling SWEAT IT OUT to its attorney's fees and an enhancement of damages, including a trebling of its damages and/or disgorged profits.  SWEAT IT OUT is also entitled to reasonable royalties as damages.

56.     The conduct in FASHION NOVA'S infringement via its First, Second and Third Round Infringement constitutes willful disregard and malicious conduct, which given notice to FASHION NOVA and retention of IP counsel, was a decision made and condoned by the highest levels of executive management for FASHION NOVA, so as to be acts taken or approved by an officer, director, or managing agent, thus entitling SWEAT IT OUT upon proof to punitive damages, to the extent such remedy is provided by applicable state law.

57.     As a direct result of FASHION NOVA's willful and unlawful actions, SWEAT IT OUT has suffered and continues to suffer irreparable harm, including damage to and diminution in value of the SWEAT IT OUT Mark.  SWEAT IT OUT's remedy at law is not adequate to compensate for injuries inflicted by FASHION NOVA  Thus, SWEAT IT OUT is entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, SWEAT IT OUT demands the following relief for each cause of action unless otherwise noted:

1.     A judgment in favor of SWEAT IT OUT and against FASHION NOVA on all counts;

2.     A preliminary and permanent injunction from trademark infringement and unfair business practices by FASHION NOVA;

3.     Damages in an amount to be determined at trial, including without limit Plaintiff's right to elect statutory damages and/or reasonable royalties;

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA  92130-2092

164816387

1    4.    FASHION NOVA's unjust enrichment and/or disgorgement of

2    FASHION NOVA's profits, all enhanced including trebling;

3    5.    Trebling of damages for willful or otherwise culpable infringement,

4    unfair competition, and dilution;

5    6.    Punitive or exemplary damages as provided by state law;

6    7.    Pre-judgment interest at the legally allowable rate on all amounts

7    owed;

8    8.    Costs and expenses;

9    9.    Attorney's fees and other fees under, among others, 15 U.S.C. §

10   1117(a) and (b) *et seq*. as an exceptional case;

11   10.   Such other and further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

SWEAT IT OUT hereby demands a trial by jury on all issues triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:    November 7, 2023             TROUTMAN PEPPER HAMILTON
                                       SANDERS LLP


                                       By: s/*Ben L. Wagner*
                                       _____
                                       Ben Lewis Wagner
                                       Attorneys for Plaintiff
                                       LONTEX CORPORATION d/b/a
                                       SWEAT IT OUT

TROUTMAN PEPPER HAMILTON SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

COMPLAINT
2:23-CV-9419

164816387